HAROLD H. CHORMAN *vs.* MARYLAND, DELAWARE AND VIRGINIA
    RAILWAY COMPANY, a corporation of the State of Delaware.

1.  NEGLIGENCE—BURDEN OF PROOF.
    Negligence is never presumed, and the burden of proof rests on the
party asserting it.

2.  RAILROADS—OPERATION—CARE REQUIRED AGAINST FIRE.
    A company operating a railroad is required to use that degree of care and
prudence commensurate with the danger to property necessarily exposed
by it to fire.

3.  RAILROADS—FIRES—LIABILITY.
    Under 16 *Del. Laws*, *c.* 380, a railroad company is liable, where it allows
brush to collect on its right of way, and such brush becomes ignited and car-
ries fire to adjoining property, though the railroad company did not fire the
brush.

4.  EVIDENCE—CREDIBILITY OF WITNESSES.
    Where the evidence is conflicting, the jury should reconcile it, if possi-
ble, and, if not, disregard that which they believe unworthy of belief, taking
into account the apparent fairness as well as the interest of the witnesses.

5. DAMAGES—TREES—FIRES—MEASURE.

Where plaintiff's trees were ignited from a fire on defendant's right of way, the verdict should be for the value of the trees destroyed.

(*January* 26, 1915.)

Judges BOYCE and RICE sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*Charles S. Richards* for defendant.

Superior Court, Sussex County, adjourned October Term, 1914.

ACTION ON THE CASE (No. 31, June Term, 1913) by Harold H. Chorman against the Maryland, Delaware and Virginia Railway Company, a corporation to recover damages for the destruction by fire, on May 2, 1913, of pine and cedar trees growing on the land of the plaintiff adjacent to the right of way of the defendant company, in Broadkiln Hundred, alleged to have been caused by the defendant negligently permitting brush or other combustible matter to accumulate on defendant's right of way adjacent to plaintiff's close, which became ignited in some manner and the fire was communicated to plaintiff's trees, causing the damage complained of. The plaintiff had a verdict.

Further facts appear in the charge of the court.

RICE, J., charging the jury:

Gentlemen of the jury:—Harold H. Chorman, the plaintiff in this action, seeks to recover from the Maryland, Delaware and Virginia Railway Company, the defendant, damages for the destruction of pine and cedar trees by fire alleged to have been caused by the defendant's negligence.

The plaintiff introduced evidence to prove that the defendant company owned and operated a steam railway in Broadkiln Hundred, Sussex County, and at the place where the timber was burned on the second day of May, 1913, the plaintiff's tract of timber land was adjacent to the defendant company's roadbed; that the defendant permitted brush, dried grass and other combustible matter to remain on the right of way at the place in

28 Del.] Chorman vs. Md., Del. and Va. Railway Co.    341

Charge.

question; that a considerable quantity of smoke was seen rising from the defendant's roadbed within a few minutes after the passing of a freight train; that a high wind was blowing over the plaintiff's timber land from the direction of the railroad, and within forty or fifty minutes after the train passed it was discovered that the plaintiff's timber, near the defendant's roadbed, was burning.

The plaintiff claims that the damage to his timber was caused by the defendant's negligence in suffering combustible matter to remain on its roadbed, which combustible matter was set on fire by particles of burning fuel from defendant's locomotive, and the fire communicated to and destroyed timber and growing trees belonging to the plaintiff.

The defendant company admits that it ran and operated the railroad in question and does not dispute that the woods of the plaintiff were burned, but it does deny that the fire and resultant damages were caused by any negligence on its part, and contends that the trees were only slightly damaged.

[1] This is an action for negligence charged against the defendant. If you should find there was no negligence on the part of the defendant, the plaintiff cannot have a recovery. Negligence is never presumed. It must be proved and the burden of proving it rests upon the plaintiff and he must establish it to the satisfaction of the jury by a preponderance of the evidence.

[2] A company in operating a railroad or railway is required to use that degree of care and prudence commensurate with the danger to which the property is necessarily exposed by it in the operation of the railroad—that is, such care as a reasonably careful person would use under all the circumstances.

[3] By *Chapter* 380, *Volume* 16, *Laws of Delaware*, it is provided:

"That if any railroad company owning or operating any railroad within this state shall suffer to remain on any part of the land owned or controlled by it for railroad purposes within this state any brush or other combustible matter, and if such brush or other combustible matter shall from any cause whatsoever be set on fire, and by reason thereof, the property, real or personal, of any person or persons shall be destroyed or impaired, such railroad company shall be liable to pay the damages resulting therefrom," etc.

Verdict.

If you should believe from the evidence that the defendant did suffer to remain on any part of the land owned or controlled by it for railroad purposes any brush or other combustible matter, and it was set on fire from any cause whatsoever, and by reason thereof, the property of the plaintiff was damaged, contrary to the provisions of the above-mentioned statute, then the defendant would be liable for any damage by fire to the property of the plaintiff caused by the defendant's conduct in suffering the brush or other combustible matter to remain on its property.

If you should believe from the evidence that the plaintiff's fire was caused by any act of negligence as charged by the plaintiff, your verdict should be for the plaintiff, but on the other hand if you should believe that his fire was not caused by any alleged act of negligence on the part of the defendant, and was caused in any way other than charged by the plaintiff, then your verdict should be for the defendant.

[4]   In cases where the evidence is conflicting, it is the duty of the jury to reconcile it if you can.  If you cannot, then you should accept that portion of the testimony which you believe to be worthy of credit and reject that which you believe to be unworthy, taking into consideration the apparent fairness of the witnesses as you saw them upon the stand, their intelligence and their knowledge of the things of which they give their testimony. You are to be controlled by the weight or preponderance of the evidence in reaching your verdict.

[5]   If you should find for the plaintiff, your verdict should be for the value of the trees proved to have been damaged or destroyed by the fire as the same may appear from the evidence in this case.  If your verdict should be for the defendant, it should be simply for the defendant.

Verdict for plaintiff.